127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith MILLER, Petitioner-Appellant,
v.
James H. GOMEZ, Warden: Attorney General of the State of
California, Respondents-Appellees.
 No. 96-55677.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997.**
Decided October 24, 1997.
 
 Appeal from the United States District Court for the Central District of California AUDREY B. COLLINS, District Judge, Presiding.
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Keith Miller, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), and affirm.
 
 
 3
 Miller contends that the trial court's refusal to give his requested alibi instruction denied him due process of law because the instructions as given failed to adequately instruct the jury on his theory of the defense. This contention lacks merit.[1]
 
 
 4
 To warrant federal habeas relief, instructional error must "so infect[ ] the entire trial that the resulting conviction violates due process." Cupp v. Nauqhten, 414 U.S. 141, 147 (1973); Carriger v. Lewis, 971 F.2d 329, 334 (9th Cir.1992). "[I]t is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory." Duckett, 67 F.3d at 743 (9th Cir.1995) quotations omitted). Here, the trial court provided instructions defining every element of the crimes with which Miller was charged, and provided a number of instructions stating the prosecution's burden to prove Miller's guilt beyond a reasonable doubt on each of those elements as well as a constitutionally sound instruction defining that burden. Because these instructions adequately informed the jury that the prosecution had the burden of proving beyond a reasonable doubt that Miller was present at the scene of the crimes, Miller has failed to establish that the trial court's refusal to give his requested alibi instruction denied him due process of law. See id.[2] Accordingly, the district court's denial of Miller's section 2254 petition is AFFIRMED.[3]
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The State contends that the California Supreme Court's dismissal of this claim with a citation to In re Dixon, 264 P.2d 513 (Cal.1953), procedurally bars federal habeas relief. This contention lacks merit because the Dixon rule was not consistently or regularly applied at the time of Miller's direct appeal. See Fields v. Calderon, No. 96-99014, slip op. 11707, 11721-22 (9th Cir. Sept. 10, 1997) (holding that as of 1981, Dixon had become irregularly and inconsistently applied)
 
 
 [2]
 Miller also raised the following claims for the first time on appeal: (1) the evidence was insufficient to support his conviction; (2) he received ineffective assistance of counsel; (3) the trial court erred in admitting certain evidence; (4) the trial court violated state law by sentencing him to both kidnapping and robbery; and (5) cumulative error. Because Miller did not raise these claims in his section 2254 petition, they are not cognizable on appeal. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994
 
 
 [3]
 Or. August 8, 1997, this court ordered the State to respond to Miller's allegation that he has been denied access to the law library since June 4, 1997. Having reviewed the State's response, we have determined that Miller has not been denied access and deny his third motion for an extension of time to file a reply brief